SCHOTT, Judge.
The appeal in these consolidated cases is from judgments in favor of plaintiffs for personal injury and property damage arising out of an accident which occured on June 21, 1968, on the Greater New Orleans Mississippi River Bridge.
The bridge consists of five lanes of traffic, two accommodating traffic bound for New Orleans on the east bank and a middle lane reserved for emergency purposes *181 only. Plaintiff Lee H. Williams was headed toward New Orleans when he brought his automobile to a stop because of traffic congestion in the roadway ahead of him. Shortly thereafter his car was struck from the rear by the automobile of plaintiff Oliver J. O’Rourke. The O’Rourke automobile was struck from behind by the automobile operated by defendant, Henry L. Feraud, owned by defendant Lloyd J. Cobb, and insured by defendant Commercial Union Insurance Co. of New York. Williams and O’Rourke were alone in their vehicles while Feraud was accompanied by his wife. The only witnesses who testified at the trial were the three drivers and Mrs. Feraud.
The only issue raised on appeal by defendants is that of liability, their contention being that the accident was caused at least in part by the negligence of plaintiff O’Rourke, who is also made a third-party defendant by defendants in response to the claim of plaintiff Williams.
O’Rourke’s testimony was to the effect that he had been proceeding in the right lane when he saw the Williams vehicle come to a stop ahead of him, he brought his vehicle to a stop and noticed the vehicle of defendants approaching from his rear. He sensed that the driver of that following vehicle was going to hit his vehicle so he turned his wheels to the left attempting to make way for the following vehicle and while in the process of doing so was struck from the rear by that vehicle of defendants.
Mr. and Mrs. Feraud both testified they had been driving in the right lane, they saw the Williams vehicle ahead of them but in the left lane when a truck struck the Williams’ vehicle in that left lane causing this truck to veer suddenly into their own right lane, whereupon defendant Feraud applied his brakes but nevertheless collided with the truck which they identified as the vehicle operated by plaintiff O’Rourke. Plaintiff O’Rourke had identified his vehicle as a passenger automobile and not a truck.
In brief counsel for defendants states “If this Court accepts Mr. O’Rourke’s version of the accident, then the trial court is correct in its ruling. If this Court accepts Mr. and Mrs. Feraud’s version of the accident, then the trial court is incorrect and judgment should be rendered in favor of defendants, dismissing both plaintiffs suits at their costs.” Defendants argue that O’Rourke is not worthy of belief since he “has a great deal at stake as a result of this accident” while the Ferauds’ version should be accepted since they were insured and had no interest in the outcome of the case. Defendants also contend that the facts and circumstances of the accident lend support to the version of the Ferauds.
With respect to the latter contention there is nothing in the record to support that position. The only physical evidence is of a rear end collision between the rear of O’Rourke’s automobile and the front of Feraud’s automobile. There is a presumption of negligence on the part of defendant Feraud under these circumstances and that presumption was not overcome as a matter of law by the unsupported testimony of Mr. and Mrs. Feraud.
The trial judge saw these witnesses, heard their testimony and accepted O’Rourke’s testimony as true. We see nothing in the record to demonstrate that the trial judge was in error in his resolution of the conflict as set forth in his written reasons for judgment as follows:
“From the evidence presented, the Court finds that on June 21, 1968 the plaintiff, Oliver J. O’Rourke was driving his automobile in an easterly direction on the Greater New Orleans Mississippi River Bridge proceeding in the right hand lane nearest the railing when he was forced to stop his vehicle because of halted traffic ahead obstructing his lane.
“After he had stopped his vehicle, he was struck, in the rear by a vehicle operated by the defendant, Henry L. Feraud, which vehicle was insured against gener *182 al liability by the Commercial Union Insurance Company of New York.
“Plaintiff’s vehicle after being struck by the Feraud vehicle was knocked into the vehicle operated by Lee Williams, which had previously stopped due to traffic congestion ahead of it.
“The collision between the O’Rourke and Feraud vehicle, and the damage resulting therefrom was caused solely and proximately by the negligence of defendant driver Henry L. Feraud, in failing to keep his vehicle under proper control and in failing to stop in time to avoid striking the halted O’Rourke vehicle in front of him.”
Accordingly, the judgment appealed from is affirmed and costs of this appeal to be paid by defendants.
Affirmed.